IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MACK MCKINNEY DORSEY,<br>    ID # 720878,<br>        Petitioner,<br>vs.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | No. 3:17-CV-409-N (BH)<br><br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** as barred by the statute of limitations.

## I. BACKGROUND

Mack McKinney Dorsey (Petitioner) challenges his conviction for capital murder. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.      Procedural History**

On January 12, 1995, the State of Texas indicted Petitioner for capital murder in Cause No. F94-44566. (Doc. 16-2 at 47, 60.)[1] He pleaded not guilty and was tried before a jury in the 283rd Judicial District Court of Dallas County, Texas. The jury convicted him on June 21, 1995, and he was sentenced to life imprisonment. (Doc. 16-6 at 73.) The judgment was affirmed on appeal. *See Dorsey v. State*, No. 05-95-00889-CR, 1997 WL 53352 (Tex. App. – Dallas Feb. 11, 1997). His petition for discretionary review was refused. *Dorsey v. State*, PD-795-97 (Tex. Crim. App. Aug.

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

13, 1997). He did not file a petition for writ of certiorari.

Petitioner's first state habeas application was signed on June 15, 2015, and received by the state court on June 19, 2015. (Doc. 16-2 at 5, 21.) It was denied without written order on January 20, 2016. (Doc. 16-1); *see Ex parte Dorsey*, WR-84,430-01 (Tex. Crim. App. Jan. 20, 2016). His second state habeas application was received by the state court on September 28, 2016. (Doc. 16-6 at 5.) It was dismissed as noncompliant on November 16, 2016, based on *Ex parte Rendon*, 326 S.W.3d 221 (Tex. Crim. App. 2010) (state writ application that is not verified does not comply with Texas Rules of Appellate Procedure). (Doc. 16-5); *see Ex parte Dorsey*, WR-84,430-03 (Tex. Crim. App. Nov. Nov. 16, 2016).

**B.** **Substantive Claims**

Petitioner's federal petition raises the following grounds:

(1) He is innocent based on new evidence;

(2) The evidence was insufficient to support the conviction;

(3) The life sentence for a crime committed as a juvenile was cruel and unusual punishment;

(4) Counsel was ineffective for failing to move for a dismissal or to have the charges reduced to a lesser included offense.

(*See* doc. 3 at 5-6.) Respondent contends that the petition is barred by the statute of limitations. (*See* doc. 14.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**A.     Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See id. § 2244(d)(1)(A)-(D).

With regard to § 2244(d)(1)(A), the judgment became final on November 11, 1997, when the ninety-day period for filing a petition for writ of certiorari expired. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (citing *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)). Petitioner has not alleged that government action prevented him from filing a § 2254 petition earlier. The facts supporting his claim arose prior to the date that his judgment became final, so § 2244(d)(1)(D) does not apply.

Petitioner cites the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Supreme Court held that a juvenile could not be sentenced to life without parole absent

individualized consideration of the appropriateness of such a sentence for the juvenile defendant. *Id.* at 479-80. The holding of *Miller* is retroactively available on collateral review. *Montgomery v. Louisiana*, 136 S.Ct. 718, 736 (2016). Section 2244(d)(1)(C) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

*Miller* does not apply to Petitioner because he was sentenced to life imprisonment, not life without parole. (*See* doc. 16-6 at 73.) He is eligible for parole on January 19, 2035. *See* www.offender.tdcj.texas.gov (search for Petitioner). *Miller* did not announce a newly recognized right for juveniles sentenced to life imprisonment with the possibility of parole, so § 2244(d)(1)(C) does not apply. *See Rodriguez v. Stephens*, No. H-15-0927, 2015 WL 7313417 at *2 (S.D. Tex. Nov. 17, 2015).

Because the latest of the dates under § 2244(d)(1) is the date that Petitioner's conviction became final, he had until November 11, 1998, to file his § 2254 petition absent any tolling of the statute of limitations.

**B.** **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas applications were filed after the limitations period had already expired, so he is not entitled to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (an application filed in state court after the limitations period has expired does not

4

operate to statutorily toll the limitations period). Petitioner filed his § 2254 petition on February 3, 2017, the date that it was mailed.[2] His petition was filed after the limitations period expired and is therefore untimely.

## C.  **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

5

at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ or his federal petition earlier. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations.

**D.** **Actual Innocence**

Petitioner contends that he is actually innocent. In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924, 1928-31 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id.* at 1928, 1935. The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id.* at 1935-36.

Petitioner's factual assertions about trial testimony are not based on new evidence. He asserts that he is innocent because a companion case of aggravated robbery was dismissed after he was convicted of capital murder, since it could not be justified. (*See* docs. 3 at 11; 4 at 4.) That case was not dismissed because of a lack of evidence that Petitioner committed the aggravated robbery that was the basis for the capital murder case. It was dismissed because the prosecution of that case could not be justified due to the cost of prosecution, and the fact that Petitioner's time of incarceration would not be increased. (*See* doc. 3 at 11.) The fact that the aggravated robbery case was dismissed does not show that he is innocent of the associated capital murder. He also asserts

6

that a police report states that he did not take any money during the offense. (*See* doc. 3 at 13.)  The state's theory that the murder was in the course of committing or attempting to commit aggravated robbery was not based on Petitioner's having taken any money.  *See Dorsey*, 1997 WL 53352 at *2 (although there was no testimony that Petitioner took any drugs or money during the offense, the jury could have determined that Petitioner intended to take drugs or money, but was prevented from doing so).

Petitioner has not shown that he is actually innocent of capital murder, and he is not entitled to equitable tolling on that basis.

### III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 27th day of November, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE